Brent R. Wilson, ISB No. 8936
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone: 208.344.6000
Facsimile: 208.954.5261
Email: bwilson@hawleytroxell.com

Attorneys for Trustee Noah G. Hillen

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re: ) | Case No. 18-00263-JMM |
| ) | |
| JENNIFER BETH ROLFSON, ) | Chapter 7 |
| ) | |
| Debtor. ) | |
| ) | |

## MOTION TO APPROVE COMPROMISE

**Notice of Motion to Approve Compromise
and Opportunity to Object and for a Hearing**

**No Objection.** The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within **twenty-one (21)** days of the date of this notice.

If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.

**Objection.** Any objection shall set out the legal and/or factual basis for the objection. A copy of the objection shall be served on the movant.

**Hearing on Objection.** The objecting party shall also contact the court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

MOTION TO APPROVE COMPROMISE - 1

48489.0014.11521510.1

Noah G. Hillen, in his capacity as Chapter 7 Trustee in the above case ("**Trustee**"), by and through his attorneys of record, HAWLEY TROXELL ENNIS & HAWLEY LLP, hereby moves the Court for an order approving the compromise between the Bankruptcy Estate of Chapter 7 Debtor Jennifer Beth Rolfson (the "**Estate**") and Kim Spears ("**Spears**"), pursuant to Federal Rule of Bankruptcy Procedure 9019(a). Trustee respectfully submits that he has exercised appropriate business judgment in compromising the Estate's claim in this matter and that the Proposed Compromise, defined below, meets the requirements of Federal Rule of Bankruptcy Procedure 9019(a) under the factors to be considered as stated in *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1381-83 (9th Cir. 1986).

## I.
## FACTS

On March 9, 2018, Debtor Jennifer Beth Rolfson ("**Debtor**") filed for relief under Chapter 7 of the Bankruptcy Code in this Court. Dkt. No. 1. Trustee is the duly appointed Chapter 7 Trustee in Debtor's Chapter 7 case.

Trustee investigated the financial affairs of Debtor and determined that Spears—Debtor's mother—had provided Debtor multiple loans prepetition totaling at least $59,425.48. Upon the sale of real property owned by Debtor on June 26, 2017, certain proceeds of the sale went into Spear's account to repay the above-referenced amount. Trustee demanded return of this amount as an alleged preference.

Trustee and Spears thereafter negotiated a settlement of the preference claim. During the negotiations, the claim deadline passed and the amount of claims filed against the Estate was less than the alleged preference liability of Spears. Trustee therefore agreed with Spears to resolve the case at amount that would pay the creditors who have filed timely claims in full and would

MOTION TO APPROVE COMPROMISE - 2

pay the full administrative expense of the Estate. The parties memorialized the agreement by the Stipulation and Settlement Agreement with the effective date of November 14, 2018, attached hereto and incorporated by reference as **Exhibit A** (the "**Proposed Compromise**"). The Proposed Compromise called for Spears to pay to the Estate $30,500.00 on or before November 16, 2018. After execution of the Proposed Compromise, Spears paid the $30,500.00 as she agreed, and Trustee is holding that sum pending Court approval of the Proposed Compromise, as requested herein.

## II.
## THE PROPOSED COMPROMISE

As stated, the Proposed Compromise allows for the Estate to obtain sufficient funds to pay all timely filed unsecured creditors in full and pay the Estate's administrative expenses in full. Trustee believes, in the exercise of his informed business judgment, that the Proposed Compromise is in the best interest of the Estate and the creditors of the Estate.

Subject to Court approval, and pursuant to Federal Rule of Bankruptcy Procedure 9019(a), Trustee asserts that the Proposed Compromise is a "fair and equitable" resolution of the Estate's preference claim against Spears, based upon the *A & C Properties* factors of: the probability of successfully litigating the claims; the difficulty in enforcement of a judgment; the complexity of the litigation involved, and the expense, inconvenience and delay in necessarily attending it; and the paramount interest of the creditors. *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1381-83 (9th Cir. 1986); *In re Marples*, 266 B.R. 202, 206 (Bankr. D. Idaho 2001).

A.    **Probability of Success in the Litigation**

Trustee believes the Estate's preference claim is strong. Trustee asserts—and has evidence—that Spears made several loans to Debtor prepetition, which were repaid after the sale of real property owned by Debtor within the preference period and thus the Estate has a prima facie preference claim under 11 U.S.C. § 547(b). Spears has asserted that such payment qualifies under the preference defenses at 11 U.S.C. § 547(c)(2) and (4). Trustee disputes that Spears qualifies under those preference defense sections. At trial, Trustee would bear the burden of proof at trial in proving the claim under 11 U.S.C. § 547(b). Spears would bear the burden to prove she qualifies for the defenses under 11 U.S.C. § 547(c)(2) and (4).

Taking into consideration the fees and costs that would have to be incurred by Trustee and the Estate in prosecuting the preference, and considering the full payment of unsecured creditors in this case, the Trustee has concluded that the Proposed Compromise under this *A & C Properties* factor supports approving the Proposed Compromise despite the high probability of success in this litigation. Thus, in the exercise of Trustee's informed discretion on this *A & C Properties* factor, Trustee believes this factor weighs in favor of approving the Proposed Compromise given above referenced facts.

B.    **Difficulty in Enforcement of a Judgment**

Trustee has no reason to believe Spears would willingly disobey a judgment or order entered by this Court at the conclusion of a hearing or trial. However, Trustee is not informed as to Spears's ability to pay any judgment of this Court in excess of the amount already paid under the Proposed Compromise. This *A & C Properties* factor therefore weighs in favor approving the Proposed Compromise because enforcement and collection on the Court's order or judgment is uncertain.

MOTION TO APPROVE COMPROMISE - 4

C.  **The Complexity of the Litigation Involved, and the Expense, Inconvenience, and Delay Necessarily Attending It**

The Estate's preference claim against Spears is not complex. As stated, the burden at trial under 11 U.S.C. § 547(b) would be on Trustee. Trustee believes he would prevail on the Estate's claim, and that Spears would not establish a defense under 11 U.S.C. § 547(c)(2) and (4). At the end of a trial on this matter, though, the result to the Estate would likely be the recovery obtained here via the Proposed Compromise, as full payment of unsecured creditors and payment in full of all the Estate's administrative expenses. Obtaining this Court's review of these questions after a trial on the merits would be expensive to the Estate, however. To avoid further delay in this case to the creditors, and considering the expenses attendant with prosecuting this action through trial, Trustee has concluded in the exercise of his informed discretion that this factor of the *A & C Properties* analysis weighs in favor of approving the Proposed Compromise.

D.  **The Paramount Interest of Creditors**

The paramount interest of creditors in this case is served by Trustee's prompt resolution through the Proposed Compromise. As stated, Trustee believes that the result of the Proposed Compromise will result in payment in full to the creditors in this case and will result in payment in full of the administrative expenses of the Estate. Therefore, this final, and important *A & C Properties* factor weighs in favor of approval of the Proposed Compromise.

### III.
### CONCLUSION

For the reasons stated above, because the *A & C Properties* factors weigh in favor of approving the compromise, and in the exercise of Trustee's informed discretion, Trustee respectfully submits that the Proposed Compromise is fair and equitable and is in the best

MOTION TO APPROVE COMPROMISE - 5

interest of the creditors of the Estate. Trustee therefore requests that the Court enter an order approving the Proposed Compromise.

DATED THIS 27th day of November, 2018.

HAWLEY TROXELL ENNIS & HAWLEY LLP

By /s/ Brent R. Wilson
Brent R. Wilson, ISB No. 8936
Attorneys for Trustee Noah G. Hillen

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of November, 2018, I electronically filed the foregoing MOTION TO APPROVE COMPROMISE with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Jonathon Mark Avery | boise@averylaw.com |
| Noah G. Hillen | ngh@hillenlaw.com |
| U.S. Trustee | ustp.region18bs.ecf@usdoj.gov |

*And all other receiving CM/ECF notices*

AND, I HEREBY CERTIFY that I have served the foregoing document to the following non-CM/ECF Registered Participants **via U.S. Mail** (list names and addresses):

| | |
|---|---|
| Kim Spears<br>c/o Mike McClure<br>Brian Webb Legal<br>971 E. Winding Creek Drive<br>Eagle, ID 83616 | AAMS/Automated Management Services<br>4800 Mills Civic Parkway, Suite 202<br>West Des Moines, IA 50265-5265 |
| AT&T<br>c/o Bankruptcy Department<br>1801 Valley View Lane<br>Dallas, TX 75234-8906 | Ada County Courthouse<br>200 West Front Street<br>Boise, ID 83702 |
| Ada County Emergency Service<br>7200 West Barrister Dt. #8226<br>Boise, ID 83704 | Advantage Financial Services<br>Attn: Bankruptcy<br>10 South Cole, Road<br>Boise, ID 83709 |
| Animals R'Us<br>8901 West State Street<br>Garden City, ID 83714 | Atlantic Credit Finance<br>3353 Orange Ave.<br>Roanoke, VA 24012-6335 |
| Boise Radiology<br>1755 North Westgate Drive, Suite 200<br>Boise, ID 83704 | Bonneville Collections<br>P.O. Box 150621<br>Ogden, Utah 84415 |

MOTION TO APPROVE COMPROMISE - 7

48489.0014.11521510.1

Business and Professional Collection
816 South Center Street
Reno, NV 89501-2306

CDI Affiliated Services
P.O. Box 4068
Boise, ID 83711-4068

CMRE Financial Services
Attn: Bankruptcy
3075 East Imperial Hwy, Ste. 200
Brea, CA 92821-6753

Capital Accounts
P.O. Box 140065
Nashville, TN 37214-0065

Coll Bur, Inc.
Attn: Bankruptcy
719 1st Street, South
Nampa, ID 83651-3858

Dr. Bonnie Reed
3399 East Louise Drive, Suite 100
Meridian, ID 83642-5212

Dr. Johans
3875 East Overland Road
Meridian, ID 83642-9005

Dr. Olurotimi Ashaye
3402 Franklin Road
Caldwell, ID 83605-6932

Equifax
P.O. Box 740256
Atlanta, GA 30374-0256

Experian
P.O. Box 2002
Allen, TX 75013-2002

FedLoan Servicing
Attn: Bankruptcy
P.O. Box 69184
Harrisburg, PA 17106-9184

First Collection Service
10925 Otter Creek E. Blvd.
Mabelvale, AR 72103-1661

Gem State Radiology
P.O. Box 9649
Boise, ID 83707-4649

Globalreceiv
2703 North Highway 75
Sherman, TX 75090-2567

Hospital Collection Services
P.O. Box 872
Reno, NV 89504-0874

Idaho Emergency Physician
P.O. Box 5666
Denver, CO 80217-5666

Midland Credit Management
P.O. Box 939019
San Diego, CA 92193-9019

Primary Health
10482 West Carlton Bay Drive
Garden City, ID 83714-5143

Primary Health
P.O. Box 191050
Boise, ID 83719-1050

Professional Finance Co
Attn: Bankruptcy
P.O. Box 1686
Greeley, CO 80632-1686

MOTION TO APPROVE COMPROMISE - 8

48489.0014.11521510.1

Reno Emergency Physicians
P.O. Box 7610
Reno, NV 89510-7610

SAMG Emerald
6533 West Emerald Street
Boise, ID 83704-8737

St. Luke's
P.O. Box 2578
Boise, ID 83701-2578

St. Alphonsus
c/o Central Billing
3340 East Goldstone Way
Meridian, ID 83642-1026

Talus Medical
3875 East Overland Road, Ste 200
Meridian, ID 83642-9048

Transworld Systems
507 Prudential Road
Horsham, PA 19044-2308

Jennifer Beth Rolfson
1813 West Bedford Drive
Boise, ID 83705-4810

St. Luke's Magic Valley
212 3rd Avenue South
Twin Falls, ID 83301-6200

St. Mary's Regional Medical Centre
235 West 6th Street
Reno, NV 89503-4548

St. Alphonsus
P.O. Box 3930
Portland, OR 97208-3930

Transunion
P.O. Box 105281
Atlanta, GA 30348-5281

U.S Department of Education
c/o FedLoan Servicing
P.O. Box 69184
Harrisburg, PA 17106-9184

_____
Brent R. Wilson

MOTION TO APPROVE COMPROMISE - 9

## SETTLEMENT AGREEMENT AND STIPULATION

THIS SETTLEMENT AGREEMENT AND STIPULATION ("**Agreement**") is made and entered into as of the Effective Date (as defined below), by and between Kim Spears ("**Spears**"), and Noah G. Hillen, solely in his capacity as Chapter 7 Trustee of the Bankruptcy Estate of Jennifer Beth Rolfson (Bankr. D. Idaho Case No. 18-00263-JMM) ("**Trustee**"). Spears and Trustee may be referred to herein collectively as the "**Parties**" and individually as "**Party**."

### RECITALS

**A.** WHEREAS, on March 9, 2018, Jennifer Beth Rolfson ("**Debtor**") filed for relief under Chapter 7 of the Bankruptcy Code in the U.S. Bankruptcy Court for the District of Idaho (the "**Bankruptcy Court**") (Case No. 18-00263-JMM) (the "**Bankruptcy Case**").

**B.** WHEREAS, Trustee is the duly appointed Chapter 7 Trustee in the Bankruptcy Case;

**C.** WHEREAS, Spears is Debtor's mother;

**D.** WHEREAS, Trustee investigated the financial affairs of Debtor and determined that Spears had provided Debtor multiple loans prepetition totaling at least $59,425.48;

**E.** WHEREAS, Trustee determined that, upon the sale of real property owned by Debtor, certain proceeds of the sale went into Spears's account to repay the above-referenced amount on June 26, 2017;

**F.** WHEREAS, Trustee thereafter sent a demand letter to Spears requesting the return of the amount paid, claiming such payment constituted a preference under 11 U.S.C. § 547(b);

**G.** WHEREAS, the total of all claims timely filed in this case by creditors is less than the amount of the alleged preference received by Spears, and such deadline to file claims has now passed;

**H.** WHEREAS, Trustee and Spears have negotiated in good faith in an attempt to resolve this matter;

**I.** WHEREAS, this Agreement is not an admission that the above-referenced payment constitutes a preference under 11 U.S.C. § 547(b); and

**J.** WHEREAS, to avoid the time, expense, and risk of further litigation, the Parties have now agreed to fully compromise and settle their claims and defenses pursuant to the terms and conditions of this Agreement.

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, the Parties hereto mutually agree as follows:

SETTLEMENT AGREEMENT AND STIPULATION - 1

48489.0012.11491586.1

EXHIBIT A

1. The above recitals are incorporated herein by reference.

2. **EFFECTIVE DATE.** The effective date of this Agreement shall be the date the last Party signs this Agreement ("**Effective Date**").

3. **SETTLEMENT.** Spears shall pay to Trustee **Thirty Thousand Five Hundred Dollars ($30,500.00)** (the "Settlement Amount") on or before **November 16, 2018** (the "Due Date").

4. **SETTLEMENT AMOUNT PAYMENT.** The Settlement Amount shall be paid on or before the Due Date by check payable to Noah G. Hillen, Trustee and sent to the address: P.O. Box 6538, Boise, Idaho 83707. If Spears fails to pay the Settlement Amount by the Due Date, Trustee may notify Spears, through her current counsel, that she is in default under this Agreement. Spears hereby acknowledges and agrees that such notice of default to her counsel may be by any reasonable means of communication, including email. If such default is not cured within five (5) days, this Agreement shall terminate and the Parties reserve all rights and claims as to the other Party.

5. **COURT APPROVAL.** The Parties acknowledge that this Agreement, and all terms hereto, are subject to and conditioned upon Trustee obtaining approval of this Agreement by the Bankruptcy Court (the "**Court Order**"). Within fourteen (14) days of the receipt of the Settlement Amount, Trustee shall file a motion to approve compromise with the Bankruptcy Court requesting that the Bankruptcy Court approve this Agreement. If the Bankruptcy Court does not approve the terms of this Agreement, this Agreement will be void and without effect and Trustee may pursue the full amount of the claims against Spears or may enter into other settlement agreements with Spears, if deemed appropriate by Trustee in his sole and absolute discretion. If the Bankruptcy Court does not approve this Agreement, the Parties agree the Settlement Amount paid to Trustee shall remain in Trustee's account pending further proceedings in this Bankruptcy Case. The Parties expressly acknowledge and agree that this Agreement will be an Exhibit to the motion to approve compromise filed with the Bankruptcy Court.

6. **RELEASES.**

    a) **Release of Spears.** Except for the requirements of this Agreement and documents executed in furtherance of this Agreement, which expressly survive the releases set forth herein, effective upon the Court Order, Trustee as the representative of Debtor's bankruptcy estate, and his past, present and future predecessors, successors, assigns, agents, and representatives, does hereby release and forever discharge Spears from any and all actions, claims, counterclaims, cross-claims, causes of action, lawsuits, remedies, damages, liabilities, debts, suits, liens, demands, costs, expenses, fees, controversies, set-offs, third-party actions or proceedings, whether at law, equity, administrative, arbitration or otherwise, whether before a local, state, or federal court, or before a state or federal administrative agency or commission, whether now known or unknown, foreseen or unforeseen, accrued or unaccrued, liquidated or unliquidated, suspected or unsuspected, which the Trustee may now have or has ever had or hereafter claims to have had, on behalf Debtor's bankruptcy estate.

SETTLEMENT AGREEMENT AND STIPULATION - 2

b)  **Release of the Trustee.** Except for the requirements of this Agreement and documents executed in furtherance of this Agreement, which expressly survive the releases set forth herein, effective upon the Court Order, Spears, for herself and her past, present and future predecessors, successors, assigns, agents, representatives, partners, brokers, contractors, and servants, does hereby release and forever discharge the Trustee and each of his past, present, and future predecessors, successors, assigns, agents, and representatives, (collectively, the **"Trustee Releasees"**), and each of them, jointly and severally, from any and all actions, claims, counterclaims, cross-claims, causes of action, lawsuits, remedies, damages, liabilities, debts, suits, liens, demands, costs, expenses, fees, controversies, set-offs, third-party actions or proceedings, whether at law, equity, administrative, arbitration or otherwise, whether before a local, state, or federal court, or before a state or federal administrative agency or commission, whether now known or unknown, foreseen or unforeseen, accrued or unaccrued, liquidated or unliquidated, suspected or unsuspected, which Spears may now have or has ever had or hereafter claims to have had, on behalf of herself or any other person or entity, as of the date of the order approving this Agreement, against any and each of the Trustee Releasees.

7.  **SPEARS REPRESENTATIONS AND WARRANTIES.** In order to induce the Trustee to enter into this Agreement, Spears hereby makes the following representations and warranties to the Trustee:

a.  **No Assignment of Claims.** Spears hereby represents and warrants to the Trustee that she has not assigned or transferred or purported to assign or transfer to any third-party all or any part of any of the claims released herein.

b.  **Representation by Counsel.** Spears hereby represents, warrants, and agrees that she has been represented by counsel of her choosing during any and all negotiations, which have led to this Agreement.

8.  **TRUSTEE'S REPRESENTATIONS AND WARRANTIES.** In order to induce Spears to enter into this Agreement, the Trustee hereby makes the following representations and warranties:

a.  **No Assignment of Claims.** The Trustee hereby represents and warrants to Spears that Trustee has not heretofore assigned or transferred or purported to assign or transfer to any third-party all or any part of any of the claims released herein.

b.  **Representation by Counsel.** The Trustee represents, warrants, and agrees that he has been represented by counsel of his own choosing during any and all negotiations, which have led to this Agreement.

9.  **EXPENSES OF THE PARTIES IN THIS TRANSACTION.** Each of the Parties hereto shall pay their own expenses incurred by such Party in connection with the authorization, preparation, negotiation, and execution of this Agreement, including but not limited to all fees and expenses for agents, attorneys, and accountants. Each Party hereto shall be responsible for any and all tax consequences, if any, that they may incur as a result of any term of this Agreement.

SETTLEMENT AGREEMENT AND STIPULATION - 3

10. **TIME OF ESSENCE.** Time and prompt performance of each provision of this Agreement is of the essence.

11. **WAIVER.** A waiver by one Party hereto of one or several defaults in performance of any provision of this Agreement to be performed by any other Party hereto shall not be construed as being a waiver of such provision itself, or of any subsequent default in performance thereof, or of the provisions of this Agreement.

12. **ENFORCEMENT EXPENSES OF THE PARTIES HERETO.** The Party hereto who is a losing Party in any court action brought to enforce any of the provisions of this Agreement shall pay to the Party hereto who is a prevailing Party in such court action all reasonable attorney fees incurred in all trial and appellate courts by such prevailing Party in addition to all costs allowed by law.

13. **ALL MODIFICATIONS TO BE WRITTEN.** No modification of this Agreement or any waiver of a provision hereof shall be of any force or effect unless the same is in writing and signed by the Parties hereto.

14. **BINDING EFFECT.** The Agreement herein applies to, binds and inures to the benefit of each Party hereto and their personal representatives, executors, administrators, heirs, devisees, legatees, assignees, transferees, and successors.

15. **FINAL EXPRESSION OF THIS AGREEMENT.** This Agreement and those documents executed in furtherance of this Agreement are the final expression of all the Parties' agreements regarding resolution of all claims, and supersedes all prior or contemporaneous negotiations, understandings, and agreements between the Parties, whether oral or written. Any prior oral promises, representations, waivers, and courses of conduct are not relied upon and are of no further effect.

16. **MISCELLANEOUS.** This Agreement shall be interpreted as provided in this provision:

    a. **Paragraph headings.** The paragraph headings used herein are for convenience only and are not a part of this Agreement and shall not be used to interpret it.

    b. **Choice of law and consent to jurisdiction and venue.** This Agreement shall be governed by the laws of the state of Idaho, without regard to its conflicts of law rules or principles. The Parties specifically agree that any and all controversies, disputes, or claims arising under, or related to, this Agreement, including any breaches of the Parties' respective obligations set forth in this Agreement, and/or the conduct of any Party taking place after the Effective Date of this Agreement, shall be adjudicated by the Bankruptcy Court and the Parties hereby consent to and submit to the jurisdiction, constitutional authority, and venue of the Bankruptcy Court to enter the Court Order approving this Agreement and to resolve any and all disputes arising from this Agreement.

SETTLEMENT AGREEMENT AND STIPULATION - 4

   c. **Singular terms.** Singular terms used herein shall be read as if written in the plural when the context so requires or permits.

   d. **Duplicate originals.** Duplicate originals of this Agreement shall be signed and each such signed duplicate original may serve as an original for all purposes.

   e. **Severability.** If any provision of this Agreement is held to be illegal, invalid, or unenforceable for any reason, such illegality or invalidity shall not affect the remaining portions of this Agreement.

   f. **Counterparts.** This Agreement may be executed in any number of counterparts, each of which shall be deemed an original and all of which together shall constitute a single, integrated and binding instrument. A faxed, photocopied, digital or scanned and emailed signature shall have the same force and effect as an original signature.

   [Remainder of the page intentionally left blank.]

SETTLEMENT AGREEMENT AND STIPULATION - 5

48489.0012.11491586.1

**SIGNED BY TRUSTEE:**

Noah G. Hillen, solely in his capacity as Chapter 7 Trustee of the Bankruptcy Estate of Jennifer Beth Rolfson (Bankr. D. Idaho Case No. 18-00263-JMM)

_____        __11-13-18__
                                 Date Signed

SETTLEMENT AGREEMENT AND STIPULATION - 6

**SIGNED BY KIM SPEARS:**

_____   __11-14-18__
                                   Date Signed

SETTLEMENT AGREEMENT AND STIPULATION - 7

48489.0012.11491586.1

**APPROVED AS TO FORM AND CONTENT:**

_[signature]_                                                                11/13/2018

Brent R. Wilson                                                              Date Signed
HAWLEY TROXELL ENNIS & HAWLEY LLP
Attorneys for Trustee


_[signature]_                                                                11/15/2018

Michael C. McClure                                                           Date Signed
BRIAN WEBB LEGAL
Attorneys for Kim Spears

SETTLEMENT AGREEMENT AND STIPULATION - 8

48489.0012.11491586.1